CHRISTOPHER A. BRAHAM (SBN 293367)
cbraham@mwe.com
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone:   +1 310 277 4110
Facsimile:    +1 310 277 4730

Attorneys for Defendant
WEDRIVEU, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRECIOUS CHATMAN, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WEDRIVEU, INC., a California Corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | CASE NO.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Complaint Filed: June 2, 2022 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant WEDRIVEU, INC. (hereinafter "WEDRIVEU" or "Defendant"), hereby removes the action *Precious Chatman et al. v. WEDRIVEU, INC. et al.,* originally commenced in the Superior Court of the State of California in and for the County of San Mateo, Case No. 22-CIV-02197 to the United States District Court for the Northern District of California.

This Court has original subject matter jurisdiction over Plaintiff's lawsuit based upon the existence of a federal question. The alleged conduct of which Plaintiff complains is subject to a collective bargaining agreement between Defendant and a labor union that represents Plaintiff during her employment with Defendant. Plaintiff's claims are artfully pled as claims that arise exclusively out of a collective bargaining agreement ("CBA") or substantially dependent upon the interpretation of a CBA. Plaintiff's claims are, therefore, preempted under Section 301 of the Labor Management Relations Act ("LMRA") and thus subject to arbitration. In support of this removal, Defendant states the following:

## BACKGROUND AND SUMMARY OF PLEADINGS

1. Plaintiff PRECIOUS CHAPMAN ("Plaintiff") is an employee of WEDRIVEU, INC. During the relevant time period, Plaintiff has been a member of a bargaining unit represented by the Teamsters Local Union No. 853 (the "Union"). The terms and conditions of Plaintiff's employment is subject to a CBA entered into between Defendant and the Union.

2. On June 2, 2022, Plaintiff, individually and on behalf of all persons similarly situated, filed a Complaint in the Superior Court of California, County of San Mateo, Case No. 22-CIV-02197 ("the Complaint"). In the Complaint, Plaintiff asserts eight causes of action based upon Labor Code sections 201, 202, 203, 204, *et seq.*, 210, 221, 226(a), 226.7, 227.3, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 11040, Subdivisions 5(A)-(B), and the applicable Wage Orders. A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

3. The Complaint did not expressly enumerate any claim under federal law and omits

1. that the terms and conditions of Plaintiff's employment was subject to a CBA.

4. On July 25, 2022, Plaintiff served Defendant with a copy of the Complaint along with a Civil Cover Sheet, Summons, Notice of Case Assignment, Certificate of Service, Civil Trial Court and Management Rules, which constitute all "process, pleadings, and orders served upon such Defendant" and attached hereto as **Exhibit B.**

5. On August 23, 2022, Defendant filed and served an Answer to Plaintiff's Complaint, a true and correct of which is attached hereto as **Exhibit C**.

## STATEMENT OF FEDERAL QUESTION JURISDICTION

6. This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action that presents a federal question.

7. Plaintiff's claims are either based upon or preempted by federal law, specifically Section 301 of the LMRA ("Section 301"). 29 U.S.C. § 185. Under Section 301, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in a district court for the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. S. Cal. Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000).

8. Section 301 of the LMRA provides a basis for federal jurisdiction, and authorizes federal courts to develop a federal common law of CBA interpretation. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988). To ensure uniform interpretations of collective bargaining agreements, federal common law preempts the use of state law in collective bargaining agreement interpretation and enforcement. *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. V. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962); *Lingle*, 486 U.S. at 411.

9. Section 301 has specifically been held to preempt California state law claims that are substantially dependent upon interpretation of a CBA. *Firestone*, 219 F.3d at 1066-67 (claim preempted by Section 301 where the CBA had to be interpreted to resolve the plaintiff's wage claims). This remains true even where interpretation was required to evaluate the employer's defense to a plaintiff's state law cause of action. *See Levy v. Skywalker Sound*, 108 Cal. App. 4th 753, 769

(2003) (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled . . . to wages at the level set by the CBA").

9. Adjudicating Plaintiff's Complaint will require interpretation of the CBA. Thus, Section 301 preempts these causes of action. *See, e.g., Lingle*, 486 U.S. at 405-06 ("[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted").

I. **Plaintiff's Employment is Governed by a CBA.**

10. Plaintiff Precious Chatman has been employed by WEDRIVEU, Inc. as a bus driver (e.g. – a commercial driver) since approximately May 21, 2018. *See* Compl. ¶¶ 2-3. At all relevant times alleged in the Complaint, the terms and conditions of Plaintiff's employment have been subject to a CBA between Plaintiff and the Union.

11. At all relevant times alleged in the Complaint, WEDRIVEU, INC. has been, and is, a company engaged in commerce and in an industry affecting commerce within the meaning of Sections 2(2), 2(6), and 2(7) of the NLRA and Section 301(a) of the LMRA, 29 U.S.C. §§ 152(2), (6), (7) and 185(a).

12. The Union is a labor organization in which almost all non-exempt employees of WEDRIVEU, Inc. are members and which exists for the purpose of dealing with employees concerning grievances, labor disputes, wages, rates of pay, hours of employment, conditions of work, discipline, and discharge. At all relevant times, the Union has been, and is, a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

13. The CBA specifically recognizes the Union as the exclusive representative for covered employees for the purposes of collective bargaining to establish rates of pay, hours of work and other conditions of employment. The CBA also provides for wages, hours of work, and working conditions of employees, meal periods, paid sick pay, final and binding arbitration of disputes concerning application any provision contained within the CBA, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

-3-

DEFENDANT'S NOTICE OF REMOVAL

14. Thus, as discussed below, Plaintiff's artfully plead claims are preempted by Section 301 of the LMRA, 29 U.S.C. § 185 because they either arise exclusively out of the CBA between an employer and a union or require a substantial interpretation of the CBA.

## II. Plaintiff's Claims Are Preempted by the LMRA Because They Either Arise Exclusively Out Of A CBA Or Require Substantial Interpretation of a CBA.

### A. Plaintiff's Failure to Reference Section 301 of the LMRA in Their Complaint Does Not Preclude Removal.

15. The Complaint omits the fact that Plaintiff and almost every single California non-exempt WEDRIVEU employee (e.g. – alleged class member) are members of the Union and employed by WEDRIVEU, Inc. through a CBA. However, a plaintiff may not be permitted to "artfully plead" his complaint to conceal the true nature of the complaint. *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though operative complaint made no mention of a collective bargaining agreement). Thus, the fact that Plaintiff has not made specific reference to Section 301 in her Complaint does not preclude removal. The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs., Inc.,* 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder v. Trans World Airlines, Inc.,* 702 F.2d 189, 191 (9th Cir. 1983), *overruled in part on other grounds in Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241 (9th Cir. 2009).

16. An artfully pled state law claim is properly "re-characterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 of the LMRA "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

17. Here, as set forth below, the claims asserted in Plaintiff's Complaint are "founded directly on rights created by collective bargaining agreements" and/or are substantially dependent

on an analysis and interpretation of a collective bargaining agreement. *See Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991).

### B.   Resolution of Plaintiff's Claims Will Require Substantial Interpretation of Various Provisions of the CBA.

18.   The Court cannot simply look to state law to resolve Plaintiff's artfully pled claims for breach of a CBA. Thus, Plaintiff's claims cannot be adjudicated without interpretation of numerous CBA provisions that govern Plaintiff's employment.

19.   Plaintiffs assert the following claim: Civil Penalties Pursuant to Labor Code Section 2699, et. seq. for violations of Labor Code Sections 201, 202, 203, 204, et seq., 210, 221, 226(a), 226.7, 227.3, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 11040, Subdivisions 5(A)-(B), and the applicable Wage Orders. But it's clear that Defendant cannot be held liable for many of these alleged Labor Code section violations because Plaintiff and almost every single putative class member do not have statutory rights relating to many of the claims covered by these Labor Code provisions. The applicable CBA contains specific language governing time worked, wages, overtime, pay periods, meal periods, and paid sick leave. The CBA also provides for a grievance process and requires binding arbitration to resolve any disputes arising under the CBA. As a result, the exceptions to statutory overtime, meal period and paid sick leave rights set forth in Labor Code sections 245.5(a)(1), 512(e) and 514 apply and Plaintiff's overtime, meal period and paid sick leave claims are artfully plead as claims that concern rights that arise exclusively out of the CBA. *See Curtis v. Irwin Industries, Inc.,* 913 F.3d 1146 (9th Cir. 2019) (affirming trial court's decision to grant motion to dismiss statutory overtime claim because the claimant was subject to a CBA resulting in Section 301 of the LMRA preempting his claim due to the application of Labor Code section 514 resulting in the claimant's right to overtime to derive solely out of the CBA); *Marquez v. Toll Global Forwarding*, 804 Fed. Appx. 679, 680 (9th Cir. 2020) (affirming trial court's decision to grant motion to dismiss meal period claim asserted by commercial driver because the application of Section 512(e) resulted in the right to meal periods solely to arise out of the bargaining agreement and therefore failing at the first step of the *Burnside* Section 301 preemption analysis).

20.  **Grievance and Arbitration Procedure:**  The grievance and arbitration procedure laid out in the CBA covers any "any controversy between the Employer and the Union or a driver arising out of or by virtue of this Agreement."  Plaintiff's claims for unpaid overtime wages, meal period violations, and unpaid sick leave must be arbitrated, as these claims arise exclusively out of the CBA and the CBA requires arbitration of claims as the exclusive remedy for any claims relating to overtime wages, meal periods and sick pay.  To the extent Plaintiff contends the CBA is inapplicable to those claims, then arbitration procedure is still mandated because such a contention is disputed and the CBA explicitly says "[a]ny dispute between the Employer and the Union regarding the interpretation or application of this agreement" shall be subject to the grievance and arbitration procedure.  The promotion of extra-judicial dispute resolution is another purpose of Section 301 preemption.  State court lawsuits properly removed on preemption grounds must be deferred to arbitration, if the parties to the CBA have so agreed.  *See Livadas v. Bradshaw*, 512 U.S. 107, 142 fn. 18 (1994).  Here, the parties have so agreed, and the claims are therefore subject to arbitration as discussed above.  An alleged violation of the CBA is subject to the grievance procedures set forth therein.  The Court will be required to determine whether Plaintiffs were first required to exhaust the grievance procedures, whether they did in fact exhaust those procedures, and whether the parties agreed to arbitrate all or some of Plaintiff's claims – which are all questions reserved for federal courts under the LMRA.

21.  Accordingly, Plaintiff's claims arise out of the CBA and substantially dependent upon the interpretation of the foregoing CBA terms and provisions.  In fact, those terms and provisions govern nearly all of the conduct which forms the basis for Plaintiff's Complaint, and thus are essential to the resolution of Plaintiffs claims.  As such, each of Plaintiff's claims arises under Section 301 of the LMRA, and is therefore preempted by federal law.  Removal to federal court is warranted.

## SUPPLEMENTAL JURISDICTION

22.  To the extent there are some claims alleged in the Complaint that do not raise federal questions (and/or are not preempted by Section 301 of the LMRA), such claims are removable under 28 U.S.C. § 1441(c) and, pursuant to this Court's supplemental jurisdiction, under 28 U.S.C. § 1367,

because they relate to and emanate from the same employment relationship between Plaintiffs and Defendant that is the subject of the federal question claims. This Court has jurisdiction over such state law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. §1367(a), because they are so related to the federal claims as to form part of the same case or controversy under Article III of the U.S. Constitution, and they are substantially related to and rise out of the same nucleus of operative facts as Plaintiff's claims arising under the LMRA such as they should be tried in one action. *See Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 714 (9th Cir. 1990). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint as well. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26 (1966).

## TIMELINESS OF REMOVAL

24. Under 28 U.S.C. section 1446(b)(1), a notice of removal is timely if it is filed with 30 days of the defendant's receipt of a copy of the initial pleading setting forth the claim for relief upon which the removed action is based. The 30-day window does not begin to run until formal service of a summons and complaint. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Defendant was served with a summons and copy of Plaintiff's Complaint on July 25, 2022, therefore, this Notice of Removal is timely.

## JOINDER

25. Defendant is not aware of any other defendant having been served with a copy of Plaintiff's Complaint, and the requirements of 28 U.S.C. § 1446(b)(2)(A) are met.

## VENUE

26. Venue is proper in this Court pursuant to 28 U.S.C. § 84(c) and 1391.

## NOTICE TO PLAINTIFF

27. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of San Mateo.

///

///

///

**WHEREFORE**, Defendant removes the above action previously pending before the Superior Court of the State of California for the County of San Mateo to the United States District Court for the Northern District of California and will shortly file a motion for judgment on the pleadings to dismiss, among other things, the preempted claims.

Dated: August 23, 2022  **MCDERMOTT WILL & EMERY LLP**

By: */s/Christopher A. Braham*
　　CHRISTOPHER A. BRAHAM
　　Attorney for Defendant
　　WEDRIVEU, INC.